UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
XAVIER WHITE,                                              :
                                                           :
                             Plaintiff,                    :     **Case No.:**
                                                           :
     -against-                                             :     **VERIFIED COMPLAINT**
                                                           :
PHASE ONE COMMUNICATIONS, INC., PHASE ONE                  :
NETWORK, INC., and FRANK BABAR, individually,              :
                                                           :
                             Defendants.                   :
------------------------------------------------------------------------x

Plaintiff Xavier White by its attorneys, Redmond Law PLLC, as and for its verified complaint ("Complaint") against defendants Phase One Communications, Inc. ("Communications"), Phase One Network, Inc. ("Network") (collectively, "Phase One"), and Frank Babar ("Babar"), hereby respectfully alleges as follows:

### NATURE OF THE CASE

1.   Plaintiff brings this action for breach of contract, breach of the implied covenant of good faith and fair dealing, contract recission, fraud, cancellation of written instruments, misrepresentation, procedural unconscionability, equitable fraud, actual and or perceived discrimination, retaliation and for an accounting.

### PARTIES

2.   Plaintiff is an individual having residence at 307 East 18th Street, Apt. 2C, New York, New York 10003.

3.   Upon information and belief, Network is a foreign business corporation duly authorized to do business in the State of New York and for which its elected for its jurisdiction in

1

New Jersey, having its principal place of business located at 424 West 33rd Street, Suite 220, New York, New York 10001.

4. Upon information and belief, Babar is a natural persona and a resident of the State of New York, County of New York.

5. Upon information and belief, at all relevant times herein, Babar was an owner, officer and/or shareholder of Network.

6. Upon information and belief, Communications was never incorporated or otherwise duly authorized to do business in the State of New York but purported to be a New Jersey corporation.

7. Alternatively, upon information and belief, Communications is a New Jersey Corporation, authorized to do business in the State of New York.

8. Notwithstanding, upon information and belief, at all relevant times herein, Babar purported to be the owner, officer and/or shareholder of Communications.

9. If Communications is duly authorized to do business in the State of New York, upon information and belief, Communications is an alter-ego and/or related company to Network as to give rise to joint and several liability.

10. If Communications is found not to have duly existed at the time of Contract formation, Babar should be held personally jointly and severally liable.

## JURISDICTION

11. Jurisdiction is proper in this Court pursuant to 28 USC §1332.

12. The amount in controversy in this action exceeds the sum or value of $75,000.

13. Venue is proper pursuant to 28 U.S.C. §1391 as a substantial part of the events giving rise to the respective claims occurred in New York County and because the parties expressly

agreed that jurisdiction and venue for all disputes shall be brought in the County of New York, New York.

### FACTS

14. On or about September 27, 2011, plaintiff, entered into a Co-Publishing Agreement with Phase One Communications, Inc., by which and for the consideration set forth therein, plaintiff agreed to grant Phase One Communications an interest in the right, title, and interest in all compositions created by plaintiff during the period of the Co-Publishing Agreement, with the option to extend the contract period four times.

15. On or about September 27, 2011, plaintiff, entered into a Recording Agreement with Phase One Communications, Inc., by which and for the consideration set forth therein, plaintiff agreed to provide exclusive personal recording services during the contract period of the Recording Agreement, with the option to extend the contract period four times. (Co-Publishing Agreement and Recording Agreement, collectively, the "Agreements").

16. The Agreements define a contract period as terminating ten (10) months after delivery on the album in satisfaction of the recording commitment, but not less than 1 year from the start of such contract period.

17. Plaintiff has fully performed his obligations in accordance with the Agreements.

18. For illustrative purposes, in or about 2015, plaintiff delivered approximately five (5) Compositions and Masters; in or about 2016, plaintiff produced approximately nine (9) Compositions and Masters and approximately two (2) albums; in or about 2017, plaintiff delivered approximately four (4) Compositions and Masters; in or about 2018, plaintiff delivered approximately four (4) Compositions and Masters; in or about 2019, plaintiff delivered approximately ten (10) Compositions and Masters and approximately two (2) albums; in or about

2020, plaintiff delivered approximately two (2) Compositions and Masters; in or about 2021, approximately nine (9) Compositions and Masters; and in or about 2022, plaintiff delivered approximately two (2) Compositions and Masters, approximately totaling 43 songs and 4 albums.

19. The Agreements, if not rescinded, discussed below, have terminated by virtue of plaintiff's performance within the time prescribed therein and or expired.

20. Pursuant to the Agreements, defendants were required to pay plaintiff his share of recording royalties and other licensing revenue, but failed to do so.

21. Phase One Communications has failed to perform its obligations in accordance with both the Co-Publishing Agreement and the Recording Agreement, although duly demanded.

22. Phase One Network has failed to perform its obligations in accordance with both the Co-Publishing Agreement and the Recording Agreement, although duly demanded.

23. Babar has failed to perform its obligations in accordance with both the Co-Publishing Agreement and the Recording Agreement, although duly demanded.

24. Upon information and belief, at all times relevant herein, Phase One Communications never existed as a duly authorized corporation.

25. By reason of the forgoing, Babar should be held personally liable for all damages arising from Phase One Communication' breaches of the Co-Publishing Agreement and the Recording Agreement.

26. In or about Autumn of 2019, defendants and their employees and agents went to Amsterdam along with plaintiff for purposes of plaintiff joining the Phase One team and to network at an electronic dance music festival.

27. During their visit to Amsterdam, plaintiff was, upon information and belief, witnessed speaking with an individual while both were under the influence of alcohol.

28. Defendants along with their agents and employees were also under the influence of alcohol.

29. Upon information and belief, either defendants and or one or more of their employees and or agents interpreted the interaction as hostile.

30. Plaintiff was confronted about the interaction by defendants and their agents at which time he disclosed he suffers from a mental illness for which he took medication.

31. Defendants and their agents and or employees said, essentially, that plaintiff raising his voice was wrong, they do not care about his mental illness, they have psychological degrees and if plaintiff became distressed happens again, they would kill him.

32. Once all returned from Amsterdam, defendants discriminated against plaintiff by failing and refusing to work with him for a period of approximately few months.

33. During that time, plaintiff lost business opportunities, became isolated and depressed, suffered emotional distress, visited with a psychiatrist and took medication for his pain and suffering.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract – Failure to Provide Accounting)

34. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

35. Pursuant to the Agreements, Phase One was required to provide semi-annual accountings.

36. Phase One breached the Agreements by failing to provide semi-annual accountings.

37. As a result of Phase One's breaches of the Agreements, plaintiff has been damaged in an amount to be determined at trial, but not less than $500,000.

38. By reason of the foregoing, plaintiff has been damaged and is entitled to a judgment jointly and severally against defendants in an amount to be determined at trial, but not less than $500,000 together with interest, costs, disbursements and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Breach of Contract – Failure to Pay Royalties)

39. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

40. Pursuant to the Agreements, Phase One was required to pay royalties.

41. Phase One breached the Agreements by failing to pay royalties, although duly demanded.

42. By reason of the foregoing, *inter alia*, Phase One's breaches of the Agreements, plaintiff has been damaged and is entitled to a judgment jointly and severally against defendants with interest, in an amount to be determined at trial, but not less than $500,000 together with interest, costs, disbursements and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Breach of Contract)

43. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

44. Pursuant to the Agreements, Phase One was required to release Compositions and Masters, advertise the same; not unreasonably withhold consent for plaintiff to work with various producers and artists or unreasonably withhold approval of Compositions and Masters.

45. Phase One breached the Agreements by failing to release Compositions and Masters, and advertising same; unreasonably withholding consent and or approval to work with various producers, artists; unreasonably withholding approve Compositions and Masters, wrongful

delaying production without adjustment to the budget or consideration of plaintiff's time and expenses incurred as a result of said delays.

46. As a result of Phase One's breach of the Agreements, Plaintiff has been damaged in an amount to be determined at trial, but not less than $500,000.

47. By reason of the foregoing, Plaintiff has been damaged and is entitled to a judgment jointly and severally against defendants but not less than $500,000 together with interest, costs, disbursements and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

48. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

49. On or about September 27, 2011, plaintiff, entered into a Co-Publishing Agreement with Phase One Communications, by which and for the consideration set forth therein, plaintiff agreed to grant Phase One Communications an interest in the right, title, and interest in all compositions created by plaintiff.

50. On or about September 27, 2011, plaintiff, entered into a Recording Agreement with Phase One Communications, by which and for the consideration set forth therein, plaintiff agreed to provide exclusive personal recording services.

51. Defendants deliberately prevented plaintiff's performance under the Agreements and withheld benefits from plaintiff pursuant to the Agreements by failing to release Compositions and Masters, and advertising same; unreasonably withholding consent and or approval to work with various producers, artists; unreasonably withholding approve Compositions and Masters, wrongfully delaying production without adjustment to the budget or consideration of plaintiff's time and expenses incurred as a result of said delays.

52. By reason of the foregoing, plaintiff has been damaged and is entitled to a judgment jointly and severally against defendants in an amount to be determined at trial, but not less than $500,000 together with interest, costs, disbursements and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Discrimination)

53. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

54. Defendants engaged in unlawful discriminatory practices by refusing to work with plaintiff, depriving him of compensation and business opportunities because of his perceived or actual disability. NYC Admin. Code 8-107.

55. Defendants are employers within the meaning of the statute.

56. Pursuant to the Agreements, plaintiff was an independent contractor of defendants. NYC Admin. Code §8-102(5).

57. Plaintiff is a natural person who carried out work in furtherance of defendants' business enterprise within the meaning of the statute.

58. Plaintiff suffers and or is perceived to suffer from mental health disorders.

59. Plaintiff was and is qualified to perform the essential functions of his job as an Artist without any accommodation.

60. Nevertheless, defendants refused to work with plaintiff for months following an incident leaving them to believe plaintiff suffers from a mental health disorder.

61. As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish, depression and humiliation.

62. As a result, plaintiff is entitled to lost profits, compensatory damages for mental pain and suffering and emotional distress against defendants in an amount to be determined at trial,

punitive damages, attorneys' fees, costs and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Retaliation)

63. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

64. Pursuant to the Agreements, plaintiff was an independent contractor of defendants.

65. Plaintiff is a natural person who carried out work in furtherance of defendants' business enterprise within the meaning of the statute.

66. When plaintiff was socializing during the work trip to Amsterdam, he was engaging in protected activity.

67. Defendants were aware that plaintiff was socializing.

68. Defendants took adverse action against plaintiff by failing and refusing to work with him after learning that he suffers from an anxiety-related medical condition, depriving him of prospective and actual business opportunities.

69. Upon information and belief, but for plaintiff's mental illness, defendants would not have frozen him out of work for months.

70. As a result of defendants' retaliation, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish, depression and humiliation.

71. As a result, plaintiff is entitled to lost profits, compensatory damages for mental pain and suffering and emotional distress against defendants in an amount to be determined at trial, punitive damages, attorneys' fees, costs and disbursements.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Accounting)

72. Plaintiff repeats and realleges each and every allegation contained in each of the

paragraphs above with the same force and effect as if fully set forth herein.

73. Pursuant to the Agreements, plaintiff was entitled to an accounting every six (6) months.

74. Although defendants were obligated to provide the accounting even if none was requested by plaintiff, plaintiff nevertheless requested them.

75. Despite plaintiff's requests, defendants failed to provide any accounting.

76. The Agreements created a fiduciary and or confidential relationship between defendants and plaintiff.

77. An accounting is necessary to discovery the measure of damages owed to plaintiff.

78. As a result, defendants should be directed to provide plaintiff with an accounting.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Contract Recission)

79. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

80. *Arguendo*, Communications was not an authorized corporation in the State of New Jersey nor authorized to conduct business in the State of New York at the time the parties executed the Agreements:

    a. Babar fraudulently induced plaintiff into signing the Agreements; and or

    b. Babar misrepresented material facts about the existence of Phase One Communications, which induced plaintiff into signing the Agreements; and or

    c. Babar knowingly made false representations regarding the existence of Phase One Communications with the intent to deceive Plaintiff into signing the Agreements; and or

    d. Babar misrepresented material facts about the existence of Phase One Communications, which induced Plaintiff into signing the Agreements; and or

    e. if Babar was unaware of such failure to incorporate, Babar misrepresented and concealed material facts about the existence of Phase One Communications, which induced Plaintiff into signing the Agreements.

81. By reason of the foregoing, plaintiff is entitled to an order rescinding the Agreements to the extent that plaintiff is the innocent party and defendants have used misrepresentations and fraud to induce him into entering into the Agreements.

### AS AND FOR A NINTH CAUSE OF ACTION
(Procedural Unconscionability)

82. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

83. At the time the Agreements were entered into, Phase One Communications was a sophisticated party with knowledge of the music industry while plaintiff was 19 years of age, without experience or education and unsophisticated in contract negotiation, the music industry, and business dealings.

84. Plaintiff was unrepresented concerning the execution of the Agreements.

85. By reason of the foregoing, the Parties were of unequal bargaining power at the time of formation.

86. Thus, Plaintiff is entitled to a judgment rescinding the Agreements.

### AS AND FOR A TENTH CAUSE OF ACTION
(Equitable Fraud)

87. Plaintiff repeats and realleges each and every allegation contained in each of the paragraphs above with the same force and effect as if fully set forth herein.

88. The Agreements do not provide a timeframe or duration but rather state an

indefinite duration.

89. Duration is an essential contractual element.

90. Since the Agreements do not contain all essential contractual elements under New York law, should defendants argue plaintiff continues to be obligated under the Agreements, they should be held unenforceable for purposes of binding plaintiff in perpetuity.

91. As such, the Agreements should not be enforced against the innocent plaintiff.

**WHEREFORE**, plaintiff respectfully requests the Court issue an Order:

i. finding defendants breached the Agreements;

ii. finding plaintiff has suffered pain and suffering and emotional distress as a result of defendants' conduct;

iii. awarding plaintiff damages, including, without limitation, lost profits, compensatory damages, punitive damages, and pain and suffering damages of not less than $500,000 together with interest, costs, disbursements and attorney's fees;

iv. holding defendants jointly and severally liable;

v. finding defendants breached the covenant of good faith and fair dealing;

vi. directing defendants provide plaintiff an accounting;

vii. rescinding the Agreements as unenforceable against plaintiff; and

viii. for such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 2, 2022

**REDMOND LAW PLLC**

By:_____
Michelle Callner, Esq. (MC1525)
Redmond Law, PLLC
*Attorneys for plaintiff*
80 Broad Street, Suite 1202
New York, New York 10004
(212) 799-8989 ext. 13
mcallner@redmondpllc.com

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the statements set forth in the foregoing Verified Complaint are true and correct except as to statements made upon information and belief.

Dated: New York, New York
August 2, 2022

_____
Xavier White